### PEOPLE v. OPPENHEIMER.

1. VENUE—BASTARDY PROCEEDINGS—RESIDENCE—CRIMINAL LAW —JURISDICTION.

In bastardy proceedings under 2 Comp. Laws, § 5901 *et seq.*, whether complaining witness, whose child was born in Cincinnati, resided in the county where proceedings were instituted, raised an issue for the jury upon a record showing that she went away with the intention of returning there, and that her parents resided in said county, that she made her home with them, and that she had been living at home for six or seven months. The fact that the child was born in another State does not deprive the court of jurisdiction.

2. SAME—TRIAL—INSTRUCTIONS TO JURY—SAVING QUESTIONS FOR REVIEW—CHARGE.

The case, not being purely criminal in its character, will not be reversed for failure of the court to instruct the jury concerning the elements constituting residence under the statute, in the absence of requested instructions on that point.

Certiorari to Wayne; Mandell, J. Submitted April 18, 1912. (Docket No. 130.) Decided May 31, 1912.

Moses Oppenheimer was found guilty under the bastardy law, and brings certiorari. Affirmed.

*Hugh Shepherd*, Prosecuting Attorney, and *P. W. Voorhies*, Assistant Prosecuting Attorney (*Franz C. Kuhn*, Attorney General, of counsel), for the people.

*Oscar M. Springer*, for respondent.

BLAIR, J. Certiorari to review proceedings under the provisions of sections 5901–5911, 2 Comp. Laws, relative to the maintenance of illegitimate children.

The complaining witness, Fannie Greenberg, an unmarried woman, 31 years old, testified: That defendant got her with child in May, 1907, at Detroit, where she had lived with her parents all of her life; that when she was four months advanced in pregnancy she went to Cincinnati, Ohio, for the purpose of concealing her shame from her parents and friends; that defendant refused to marry her unless she would tell her parents that he was not the father of her child, and advised her to leave town and gave her money to go with; that the child was born January 20, 1908, at a free hospital in Cincinnati; that she remained in Cincinnati for two years, supporting herself and child by her own labor.

" I came to Detroit instead of staying in Ohio because I could not make a living. I lived there two years and am home exactly a year. I worked for charity to take care of my boy. I did beautiful embroidery work and sold it to buy clothes and live on. I was away the second time seven months ago, after the child was born. I took the child, went to Dayton, and stayed there four days. When I went away the second time, my father wrote me to come home. * * * I went away twice to Cincinnati. The second time I went, defendant told me if I would take the boy away and put him in a home and come back here he would marry me. I went away with that intention. I got away, and the baby would not leave me. I could not place him where I wanted to place him, and I brought him back."

Defendant denied the paternity of the child and denied

any improper relations whatever with complainant. The jury found against defendant, and judgment was entered thereon. Defendant asks a reversal of the judgment upon the following assignments of error:

"Your petitioner avers and charges that the court erred manifestly in this, to wit:

"(1) In submitting said cause to the consideration of a jury for the reason that said child was born in the State of Ohio and in the city of Cincinnati and could not lawfully become a county charge in the county of Wayne under the statutes in Michigan providing for the maintenance of bastard children; said statute being limited to such children as are born in the State of Michigan.

"(2) That the court erred in submitting to the jury the question of the residence of said child as a resident of Wayne county, without explaining to the jury the facts that they should first find to constitute such residence and the law in relation thereto.

"(3) The court erred in allowing the jury to find said child a resident of Wayne county under the evidence submitted in said cause, for the reason that it does not appear that said child or its mother returned to the city of Detroit with the intention of making Wayne county their home or the home of either of them."

The complaint of Fannie Greenberg was made on the 18th day of June, 1910, at which time she had been living six or seven months in Detroit, which she speaks of as "home," and testifies that when she went away the second time it was with the intention of returning to Detroit, the only home she had ever really had. We think there was sufficient evidence of her intention to return to Detroit as her permanent residence and to abandon her residence in Ohio, if she had gained one, to warrant submitting the question of her residence to the jury.

If the mother and child were actual residents of Detroit at the time the complaint was made, the fact that the child was born outside the State would be unimportant.

In view of the fact that defendant presented no request to the court to instruct the jury as to the essential elements of residence, and that this is not a strictly criminal

proceeding, we are not inclined to reverse the judgment upon the second assignment of error.

The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.